■ L&B ESTATES, LLC, Respondent, v ALLSTATE INSURANCE, Appellant, et al., Defendant. [897 NYS2d 188]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that L&B Estates, LLC, is an additional insured under a certain policy of insurance issued by the defendant Allstate Insurance and that the defendant Allstate Insurance is obligated, as the primary insurer, to defend and indemnify L&B Estates, LLC, in an underlying personal injury action entitled *Coddett v L&B Estates, LLC*, pending in the Supreme Court, Kings County, under index No. 33035/06, the defendant Allstate Insurance appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 10, 2009, as granted those branches of the cross motion of L&B Estates, LLC, which were for summary judgment on the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of L&B Estates, LLC, which were for summary judgment on so much of the complaint as sought to recover damages against the defendant Allstate Insurance and declaring that the defendant Allstate Insurance is the primary insurer and, therefore, is obligated to defend and indemnify L&B Estates, LLC, in the underlying action; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, upon searching the record, summary judgment is awarded to the defendant Allstate Insurance dismissing so much of the complaint as sought to recover damages against it, and declaring that the defendant Allstate Insurance is not the primary insurer, that the policy of insurance issued by the defendant Allstate Insurance provides coverage excess to the coverage provided to L&B Estates, LLC, under a policy issued by United National Specialty Insurance Company, and that, therefore, the defendant Allstate Insurance is not obligated to defend or indemnify L&B Estates, LLC, in the underlying action unless the obligation of that defendant to provide excess coverage is triggered, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Allstate Insurance is not the primary insurer, that the policy of insurance issued by the defendant Allstate Insurance provides coverage excess to the coverage provided to L&B Estates, LLC, under a policy issued by United National Specialty Insurance Company, and that, therefore, the defendant Allstate Insurance is not obligated to defend or indemnify L&B Estates, LLC, in the underlying action unless the obligation of that defendant to provide excess coverage is triggered.

The defendant Century 21 Achievers (hereinafter Century) leased premises on Flatbush Avenue, in Brooklyn (hereinafter the premises), from the plaintiff, L&B Estates, LLC (hereinafter L&B). As required under the terms of the lease, Century obtained, from the defendant Allstate Insurance (hereinafter Allstate), a commercial liability insurance policy (hereinafter the Allstate policy) naming L&B as an additional insured. The Allstate policy provided that L&B was an additional insured, but "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises shown in the [d]eclarations as leased to [Century]." The declarations set forth in the Allstate policy did not mention the sidewalk in front of the premises as having been leased to Century. Moreover, L&B was covered by a policy of insurance issued by United National Specialty Insurance Company (hereinafter the United policy). The Allstate policy and the United policy each contained "other insurance" provisions.

In November 2005 Tilma Coddett allegedly was injured when she tripped and fell as a result of an alleged defect in the sidewalk in front of the premises. In June 2006 notice of Coddett's claim against L&B and Century was tendered on their behalf to Allstate, which did not immediately respond. In October 2006 Coddett commenced an action against L&B and Century, seeking to recover damages for her injuries. In May 2007 Allstate rejected the tender of the claim insofar as made against L&B on the ground that L&B was not an additional insured under the Allstate policy since Coddett's claim did not arise "out of the ownership, maintenance or use of that part of the premises shown in the Declarations as leased to [Century]." L&B commenced this action, seeking, inter alia, a judgment declaring that it was entitled to a defense and indemnification from Allstate as an additional insured under the policy, as well as damages for breach of contract against Allstate and Century. L&B eventually moved for summary judgment on the complaint against Allstate and Century, and the Supreme Court granted L&B's motion. We modify.

L&B established its prima facie entitlement to judgment as a matter of law against Allstate by submitting, among other things, the Allstate policy, which established that it was an additional insured with respect to Coddett's claim, and that Allstate had refused to provide coverage. Inasmuch as Administrative Code of the City of New York § 7-210 imposes liability on owners of commercial property for defects in sidewalks, L&B's potential liability arises from its ownership of the premises leased to Century. Since unambiguous terms in an insurance

contract are given their plain and ordinary meaning (*see Antoine v City of New York*, 56 AD3d 583, 584 [2008]), L&B is an additional insured under the Allstate policy for claims arising from defective conditions on the sidewalk in front of the premises.

In opposition, however, Allstate established, as a matter of law, that its coverage of L&B under the Allstate policy was excess to the coverage provided to L&B under the United policy. When a policy provides only excess coverage, the duty to defend or indemnify is not triggered until coverage under the primary policy has been exhausted or otherwise terminated (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 686-687 [1999]; *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 20 [2009]; *Osorio v Kenart Realty, Inc.*, 48 AD3d 650, 653 [2008]). Consequently, upon searching the record, Allstate is entitled to summary judgment declaring that it is not the primary insurer, that the coverage it provided to L&B is excess to that provided by the United policy, and that, therefor, it was not obligated to defend or indemnify L&B in the underlying action unless its obligated to provide excess coverage is triggered.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that L&B is an additional insured under the Allstate policy, that Allstate is not the primary insurer, that the coverage provided to L&B under the Allstate policy is excess to the coverage provided to L&B under the United policy, and that, therefore, Allstate is not obligated to defend or indemnify L&B in the underlying action unless its obligation to provide excess coverage is triggered (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596 [2010]). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.