■ RICHNER COMMUNICATIONS, INC., Respondent-Appellant, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. [898 NYS2d 615]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Giampetruzzi v Richner Communications, Inc.*, pending in the Supreme Court, Queens County, under index No. 12600/07, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 29, 2009, as denied its motion for summary judgment declaring that it is not so obligated, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action entitled *Giampetruzzi v Richner Communications, Inc.*, pending in the Supreme Court, Queens County, under index No. 12600/07; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In October 2005 Frank Giampetruzzi allegedly sustained personal injuries at certain premises located in Nassau County (hereinafter the subject premises). Giampetruzzi commenced an action (hereinafter the underlying action) in the Supreme Court, Queens County, against, among others, the plaintiff. The plaintiff sought coverage and legal representation in the underlying action from the defendant, its insurance carrier. The defendant disclaimed coverage and refused to defend the plaintiff on the ground, among others, that the subject premises were not covered under the policy. Thereafter, the plaintiff commenced the instant action, inter alia, for a judgment declaring that the defendant was obligated to defend and indemnify it the underlying action. The defendant moved, and the plaintiff cross-moved, for summary judgment. The Supreme Court denied both the motion and the cross motion, finding the existence of triable issues of fact. We reverse the order insofar as it denied the defendant's motion for summary judgment.

"As with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court' " (*Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008], quoting *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]). A policy is read as a whole and "in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]). "An insurance contract should not be read so that some provisions are rendered meaningless" (*id.* at 628).

Here, the defendant established, as a matter of law, that it was not obligated to defend and indemnify the plaintiff in the underlying action (*see Gordon & Jack v Royal Indem. Co.*, 219 AD2d 617, 617-618 [1995]). In this regard, the subject policy contained an endorsement that expressly limited coverage to certain "Designated Premises" shown in the "Declarations" page of the policy. It is undisputed that, as of the time of Giampetruzzi's alleged accident, the subject premises were not listed on that "Declarations" page.

We reject the plaintiff's contention that the policy was rendered ambiguous by a provision that stated "[t]his insurance

applies" to bodily injury "caused by an 'occurrence' that takes place in the 'coverage territory' " (*see Ten Seventy One Home Corp. v Liberty Mut. Fire Ins. Co.*, 2008 WL 2464187, 2008 US Dist LEXIS 47328 [SD NY 2008]). Further, we find that the plaintiff's reliance upon *Mazzuoccolo v Cinelli* (245 AD2d 245 [1997]) is misplaced because there is no indication that the policy addressed therein contained a "Designated Premises" endorsement such as the one at issue in the instant case.

Accordingly, the plaintiff having failed to raise a triable issue of fact in opposition to the defendant's motion for summary judgment, the Supreme Court should have granted the defendant's motion. In light of the above, the plaintiff's cross motion for summary judgment was properly denied.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Florio, Miller and Austin, JJ., concur.