■ WILLIAM STOUT, Plaintiff, v 1 EAST 66TH STREET CORPORATION et al., Defendants. (And a Third-Party Action.) (Action No. 1.) TISHMAN CONSTRUCTION CORPORATION et al., Respondents, v INTERSTATE FIRE AND CASUALTY COMPANY, Respondent, and ZURICH AMERICAN INSURANCE COMPANY, Appellant, et al., Defendants. (Action No. 2.) [935 NYS2d 49]—

William Stout commenced action No. 1 against Tishman Construction Corporation (hereinafter Tishman Construction) and Tishman Interiors Corporation (hereinafter Tishman Interiors), among others, to recover damages for personal injuries based on, inter alia, violation of the Labor Law. Tishman Interiors was the general contractor for a synagogue renovation project and Stout was employed by one of its subcontractors, Evergreene Painting Studios, Inc. (hereinafter Evergreene). At the time of the accident that allegedly caused Stout's injuries, Stout was working on scaffolding erected by another Tishman subcontractor, Atlantic-Heydt Corporation (hereinafter Atlantic).

Tishman Interiors' respective contracts with Evergreene and Atlantic required both Evergreene and Atlantic to obtain insurance listing Tishman Interiors, among others, as an additional insured and providing primary liability coverage. Evergreene obtained coverage from Interstate Fire and Casualty Company (hereinafter Interstate) and Atlantic obtained coverage from Zurich American Insurance Company (hereinafter Zurich).

Upon learning of Stout's claim against them, Tishman Construction and Tishman Interiors (hereinafter together the Tishman plaintiffs) notified their own insurer, American International Group (hereinafter AIG). AIG, via the Tishman plaintiffs, claimed that it promptly tendered coverage to Zurich; Zurich, however, denied receiving that tender, and AIG and the Tishman plaintiffs were unable to produce proof of mailing or delivery. Upon receipt of a copy of the summons and complaint in action No. 1, the Tishman plaintiffs again notified AIG, which sent a second tender letter, marked "2nd Request," to Zurich. Zurich responded that it could not locate the first tender letter, but neither expressly disclaimed coverage nor requested proof that the first tender had been sent. When AIG failed to reply to Zurich's response, Zurich disclaimed coverage.

The Tishman plaintiffs then commenced action No. 2 against Interstate, Zurich, and their respective insureds, Evergreene and Atlantic, seeking a judgment declaring that Interstate and Zurich are obligated to defend and indemnify them in action No. 1. Action Nos. 1 and 2 were joined for discovery and ultimate disposition.

The Tishman plaintiffs moved for summary judgment on their causes of action against both Interstate and Zurich (hereinafter together the insurers) declaring that the insurers are obligated to defend and indemnify them in action No. 1. Zurich cross-moved for summary judgment declaring that its disclaimer of insurance coverage was timely, and that it is not obligated to defend or indemnify the Tishman plaintiffs in action No. 1. Interstate separately cross-moved for summary judgment declaring that it is not obligated to defend or indemnify the Tishman plaintiffs in action No. 1, that, more particularly, it is not obligated to defend Tishman Construction Corporation in action No. 1 as an additional insured, and that the insurance policy it issued to Evergreene provided only secondary or excess insurance coverage, while the insurance policy issued by Zurich to Atlantic provided primary insurance coverage. The Supreme Court determined, inter alia, (1) that Zurich did not timely disclaim coverage; (2) that Zurich had an obligation not only to defend, but also to indemnify, the Tishman plaintiffs; (3) that the coverage owed by Zurich was primary and that owed by Interstate was excess; and (4) that Interstate owed an obligation only to Tishman Interiors, whereas Zurich owed an obligation to both of the Tishman plaintiffs. We modify.

There is no definite time limit within which an insurer must disclaim coverage for its disclaimer to be deemed timely (*see* Insurance Law § 3420; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 70 [2003]). The Insurance Law provides only that an insurer must give notice of disclaimer "as soon as is reasonably possible" (Insurance Law § 3420 [d] [2]). An insurer's delay is measured from the point at which it "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 66; *see Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152 [2007]; *Moore v Ewing*, 9 AD3d 484, 488 [2004]). It is the insurer's burden to demonstrate a reasonable excuse for its delay in disclaiming coverage and an insufficient explanation will render a delay unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 70; *Magistro v Buttered Bagel, Inc.*, 79 AD3d 822, 824 [2010]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 452 [2008]; *Moore v Ewing*,

9 AD3d at 488), even when the insured failed in the first instance to give timely notice of a claim (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 67; *Magistro v Buttered Bagel, Inc.*, 79 AD3d at 824).

An insurer's explanation will be "insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d at 1152). Similarly, even where the basis is not apparent, an explanation will be inadequate as a matter of law "unless the delay is excused by the insurer's showing that its delay was reasonably related to its completion of a thorough and diligent investigation into issues affecting its decision whether to disclaim coverage" (*Magistro v Buttered Bagel, Inc.*, 79 AD3d at 824-825; *see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *New York City Hous. Auth. v Underwriters at Lloyd's, London*, 61 AD3d 726, 727 [2009]).

Notwithstanding the parties' emphasis on the calculation of the period of delay between the Tishman plaintiffs' notice to Zurich and Zurich's notice of disclaimer—which was between 32 and 44 days—what is most important is not the precise length of Zurich's delay, but its explanation for that delay. Zurich, relying on analogous facts in this Court's decision in *Tully Constr. Co., Inc. v TIG Ins. Co.* (43 AD3d at 1153), contends that its delay was justified by the need to investigate whether any tender prior to the second tender letter had been sent or received. However, while such an investigation *could* justify a delay (*id.*), here Zurich failed to demonstrate that it in fact *did* engage in any such investigation. Since Zurich failed to describe any investigation, much less provide any proof of one, the Supreme Court correctly held that Zurich failed to justify its delay and, thus, that it failed to establish, prima facie, that its disclaimer of coverage was timely made (*see Magistro v Buttered Bagel, Inc.*, 79 AD3d at 824-825; *New York City Hous. Auth. v Underwriters at Lloyd's, London*, 61 AD3d at 727-728, *Matter of Allstate Ins. Co. v Swinton*, 27 AD3d 462, 462-463 [2006]).

An insurer's duty to defend, which is "exceedingly broad" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010] [internal quotation marks omitted]), is more extensive than its duty to indemnify (*see Exeter Bldg. Corp. v Scottsdale Ins. Co.*, 79 AD3d 927, 928 [2010]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897, 900 [2009]). An insurer's duty to defend will be triggered by allegations in the complaint suggesting a reasonable possibility of coverage irrespective of the apparent merits of the allega-

tions (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). "This standard applies equally to additional insureds and named insureds" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d at 37). The burden to establish coverage and a duty to indemnify lies with the insured (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 218 [2002]; *Belsito v State Farm Mut. Ins. Co.*, 27 AD3d 502, 503 [2006]).

Here, Zurich's "Additional Insured" endorsement provides coverage to the Tishman plaintiffs for "liability arising out of [its insured's] ongoing operations performed for [the Tishman plaintiffs]." The Court of Appeals has "interpreted the phrase 'arising out of' in an additional insured clause to mean 'originating from, incident to, or having connection with' " (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d at 38, quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]; *see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 415 [2008]). For coverage to become available under such a term requires proof only of " 'some causal relationship between the injury and the risk for which coverage is provided' " (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d at 38, quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 472). In determining whether an injury "arose out of" an insured's work, "the focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained' " (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d at 38, quoting *Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d at 416).

In this case, although it is clear that the scaffolding erected by Atlantic, Zurich's insured, was the *situs* of Stout's injury, Stout's deposition testimony does not make clear that the scaffolding was the *cause* of his injury. Thus, while the evidence may ultimately prove that Stout's injury arose out of the work of Zurich's insured, the record made on the summary judgment motion was insufficient to establish a causal relationship as a matter of law. Accordingly, the Supreme Court erred in determining that the Tishman plaintiffs were entitled to summary judgment declaring that Zurich has an obligation to indemnify them in action No. 1 (*see Lehrer McGovern Bovis v Halsey Constr. Corp.*, 254 AD2d 335, 335-336 [1998]).

In resolving disputes between insurers, courts "first look to the language of the applicable policies" (*Fieldston Prop. Owners*

*Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]). In doing so, "unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670, 671 [2010] [internal quotation marks omitted]; *see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]). "A policy is read as a whole and 'in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement' " (*Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d at 671, quoting *County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]). Where "the plain language of the policy is determinative, [a court] cannot rewrite the agreement by disregarding that language" (*Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d at 264). Likewise, " '[a]n insurance contract should not be read so that some provisions are rendered meaningless' " (*Vassar Coll. v Diamond State Ins. Co.*, 84 AD3d 942, 945 [2011], quoting *County of Columbia v Continental Ins. Co.*, 83 NY2d at 628; *see Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d at 671).

The Court of Appeals has explained that "[t]he anomaly involved in establishing a pecking order among multiple insurers covering the same risk arises from the fact that although the insurers contract not with each other but separately with one or more persons insured, each attempts by specific limitation upon the rights of its insured to distance itself further from the obligation to pay than have the others" (*State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 372 [1985]).

Where such a dispute arises, "an insurance policy which purports to be excess coverage but contemplates contribution with other excess policies or does not by the language used negate that possibility must contribute ratably with a similar policy, but must be exhausted before a policy which expressly negates contribution with other carriers, or otherwise manifests that it is intended to be excess over other excess policies" (*id.* at 375-376). Thus, where "one party's policy is primary with respect to the other policy, then the party issuing the primary policy must pay up to the limits of its policy before the excess coverage becomes effective" (*Osorio v Kenart Realty, Inc.*, 48 AD3d 650, 653 [2008]; *see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d 682, 687 [1999]; *L&B Estates, LLC v Allstate Ins.*, 71 AD3d 834, 837 [2010]).

Here, the "additional insured" endorsement to the Interstate policy provides explicitly that "[t]he insurance afforded by this

provision [i.e., the comprehensive general liability part] shall be excess over any other insurance." In contrast, Zurich's "additional insured" endorsement contains no similar provision. Since Zurich failed to limit its liability to the same extent as Interstate, the Supreme Court properly concluded that, by submitting the relevant policies, Interstate made a prima facie showing that Zurich must provide primary coverage and Interstate must provide only excess coverage (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.*, 92 NY2d at 687; *Osorio v Kenart Realty, Inc.*, 48 AD3d at 652-653; *L&B Estates, LLC v Allstate Ins.*, 71 AD3d at 837). In opposition, Zurich failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of Interstate's cross motion which was for summary judgment declaring that it provided only secondary or excess coverage, and that the insurance policy issued by Zurich provided primary coverage.

Zurich contends that the Supreme Court erred in concluding that Interstate had no obligation to defend Tishman Construction. Interstate's "additional insured" endorsement provides that "any entity the Named Insured is required in a written contract to name as an insured (hereinafter called Additional Insured) is an insured but only with respect to liability arising out of work performed by or on behalf of the Named Insured for the Additional Insured." The contract between Evergreene—Interstate's insured—and Tishman Interiors states that Evergreene must indemnify not only Tishman Interiors, but its "parent companies, corporations and /or partnerships and their owned controlled, affiliated, associated and subsidiary companies, corporation and/or partnerships."

Interstate failed to establish its entitlement to judgment as a matter of law in connection with its contention that Tishman Construction was not an additional insured under its policy and, thus, that it has no obligation to defend Tishman Construction as an additional insured in action No. 1. In support of that branch of its motion which was for summary judgment making that declaration, Interstate submitted the policy it issued to Evergreene, together with the contract between Evergreene and Tishman Interiors. Read together, these documents provide that, to the extent that any liability arose out of work that Evergreene performed for Tishman Construction, Tishman Construction would qualify as an additional insured under the Interstate policy (*see County of Columbia v Continental Ins. Co.*, 83 NY2d at 628; *cf. Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d at 671). Viewing the evidence in the light most favorable to the nonmovants, as we must in considering a

motion for summary judgment (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), we conclude that Interstate failed to make a prima facie showing that Stout's injury did not arise out of work that its insured, Evergreene, performed for Tishman Construction. Accordingly, the Supreme Court erred in granting that branch of Interstate's cross motion which was for summary judgment declaring that Tishman Construction was not an additional insured under the policy it issued to Evergreene, and that Interstate, thus, had no duty to defend Tishman Construction (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Tishman plaintiffs' remaining contention is not properly before this Court, as they did not file a notice of appeal or cross appeal (*see Roppolo v Mitsubishi Motor Sales of Am.*, 278 AD2d 149, 150 [2000]).

Since action No. 2 is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the insurance policy issued by Zurich to Atlantic is primary to the insurance policy issued by Interstate to Evergreene, and that Zurich did not timely disclaim coverage under the insurance policy it issued to Atlantic (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur. **[Prior Case History: 28 Misc 3d 1201(A), 2010 NY Slip Op 51112(U).]**