Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd. (2015 NY Slip Op 09208)





Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd.


2015 NY Slip Op 09208


Decided on December 15, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2015

Tom, J.P., Sweeny, Renwick, Manzanet-Daniels, JJ.


16402 150946/13

[*1] Tower Insurance Company of New York, Plaintiff-Respondent,
v
Leading Insurance Group Insurance Company, Ltd., Defendant-Appellant.


Havkins Rosenfeld Ritzert & Varriale, LLP, New York (Alexandra R. Kearse of counsel), for appellant.
Carroll McNulty & Kull LLC, New York (Max W. Gershweir of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered January 6, 2015, which, to the extent appealed from, granted plaintiff's motion for summary judgment declaring that its named insureds' coverage as additional insureds under defendant's policy is primary to their coverage under plaintiff's policy with respect to the underlying action, and so declared, and denied defendant's cross motion for summary judgment declaring that it had no duty to defend or indemnify the insureds in that action or, in the alternative, that the parties each had a duty to defend and indemnify in proportion to the limits of their respective policies, unanimously affirmed, with costs.
The lease agreement between plaintiff's named insureds, as landlords, and their ground-floor tenant obligated the tenant to indemnify and hold harmless landlords for any damages arising out of its use of the demised premises or the streets and sidewalks "adjacent thereto," as well as to maintain the sidewalk and curb, keeping it clear at all times, and free from snow and ice. The insurance policy issued by defendant to the tenant provided that the landlords were "also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you [the tenant]." It is clear from the lease agreement that the use of the sidewalk was included in the scope of the demised premises. Thus, defendant's additional insured endorsement covered claims arising out of a defect in the sidewalk (see Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off., 3 AD3d 44, 47 [1st Dept 2003]; General Acc. Fire & Life Assur. Corp. v Travelers Ins. Co., 162 AD2d 130 [1st Dept 1990]; J. P. Realty Trust v Public Serv. Mut. Ins. Co., 102 AD2d 68 [1st Dept 1984]), affd 64 NY2d 945 [1985]).
Even if the lease did not address the sidewalk explicitly, the additional insured endorsement would give the landlords coverage for accidents occurring outside the demised premises, including on abutting public sidewalks (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990 [1997]; see also Frank v Continental Cas. Co., 123 AD3d 878 [2d Dept 2014]; L & B Estates, LLC v Allstate Ins., 71 AD3d 834 [2d Dept 2010]).
The motion court correctly found that the coverage provided to the landlords as additional insureds under defendant's policy was primary to the coverage provided to them as named insureds under plaintiff's policy. A comparison of the "Other Insurance" clauses in the two policies shows that plaintiff's policy states that it is excess over another policy providing primary [*2]coverage for which the insured has been added as an additional insured, while defendant's policy does not.
We have considered defendant's other arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 15, 2015
CLERK