In the Matter of the Application of Nissim Kassab, individually and as a member of Mall 92-30 Associates LLC and as a shareholder of Corner 160 Associates, Inc., Petitioner, For An Order Dissolving Mall 92-30 Associates LLC Pursuant to N.Y. LLC Law § 702 and other relief,

against
Avraham Kasab, Respondent.


716193/17

For Petitioner:
Vitali S. Rosenberg/Jonathan Mazur
Schlang Stone & Dolan LLP
For Respondent:
Jennifer Recine 
Stroock & Stroock & Lavan LLP


Timothy J. Dufficy, J.

The following papers were read on this motion by respondent Avraham Kasab for an order dismissing the amended petition on the grounds of failure to state a cause of action and is barred by the doctrines of res judicata and collateral estoppel, pursuant to CPLR 404(a), 406 and 321 1(a)(5) and (7), and awarding respondent attorney's fees, costs and disbursements.
PAPERS NUMBERED
EF 61-71 EF 74-81 EF 82
Notice of Motion-Affirmation-Exhibits-Memorandum of Law
Opposing Aff.-Exhibits-Memorandum of Law Reply Memorandum of Law
Upon the foregoing papers the motion is determined as follows:
Petitioner Nissim Kassab commenced the within hybrid special proceeding and action, in November 21, 2017, for the dissolution of Mall 92-30 Associates LLC (Mall), pursuant to Limited Liability Company Law §702, and for other relief set forth in six individual causes of action to recover damages and other relief against his brother Avraham Kasab. Respondent Avraham Kasab in a pre-answer motion sought to dismiss the petition in its entirety on the grounds of res judicata and collateral estoppel and the failure to state a cause of action, and sought to recover attorney's fees, costs and disbursements.
The history of the disputes and litigation between the parties is set forth in this Court's Order, dated June 1 1, 2018 and entered on June 26, 2018, and will not be repeated here. This [*2]Court, pursuant to said Order granted that branch of Avraham's motion which sought to dismiss the petition for judicial dissolution of Mall on the grounds of failure to state a cause of action; granted that branch of the motion which sought to dismiss the second cause of action for breach of contract only to the extent that the claims based upon the failure to distribute income prior to December 31, 2015, Nissim's ouster from the management of Mall and Corner, and the under reporting of income were dismissed, and denied that branch of the motion as to the claim for breach of contract based upon the failure to make distributions for fiscal years 2016 and 2017; granted that branch of the motion which sought to dismiss the third cause of action for the period of March 2013 through December 31, 2015, and denied that branch of the motion as to the period of January 1, 2016 through December 31, 2017; granted those branches of the motion which sought to dismiss the fourth, fifth, sixth and seventh causes of action in their entirety. The claims for punitive damages that were incorporated in the direct and derivative causes of action against Avraham Kasab were dismissed. This Court directed that, with respect to the remaining causes of action, the pleading would be treated as a complaint and gave Avraham Kasab leave to serve an answer as to the remaining claims, within 30 days from the service of said Order together with Notice of Entry.
The records of the Court indicates that a copy of the June 1 1, 2018 Order, together with Notice of Entry, was e-filed on June 27, 2018. On July 2, 2018, Nissim Kassab efiled a Notice of Appeal from the June 1 1, 2018 Order. On July 26, 2018, Avraham Kasab e-filed his Answer to the remaining claims.
On August 14, 2018, Nissim Kassab e-filed the within Amended Verified Petition, dated August 15, 2018, in which he seeks a judicial dissolution of Mall, pursuant to Limited Liability Company Law, based upon "new facts that arose after the filing of the previous version of the Petition and otherwise subject to reinstatement by the Court and/or as a result of the Petitioner's appeal from the Dismissal Order. The direct claims against Avraham Kasab for breach of contract and for an accounting "are asserted herein to the extent that they were not dismissed by the Dismissal Order, and otherwise subject to reinstatement by the Court and/or as a result of the Petitioner's appeal from the Dismissal Order."
The allegations set forth in the Amended Petition/Complaint are based upon this Court's findings, that are set forth in the Bench Trial Order, Judgment and Order, dated August 3, 2017, in the hybrid special proceeding to dissolve Corner, and in the action entitled, Kassab v Kasab, Index No. 71 1061/15, as well as the subsequent litigation between the parties under the within Index Number. The first cause of action seeks a judgment dissolving Mall, pursuant to Limited Liability Company Law § 702. The second cause of action against Avraham for breach of contract alleges a breach of Mall's Operating Agreement and agreement dated August 27, 2012. The third cause of action Avraham seeks an accounting and an award of punitive damages. Although the amended pleading's wherefore clause seeks to recover attorney's fees, costs and disbursements, the pleading does not set forth a cause of action for the same.
Avraham Kasab now moves to dismiss the amended verified petition on the grounds of failure to state a cause of action and res judicata and collateral estoppel.
In deciding a motion to dismiss a complaint, pursuant to CPLR 321 1 (a) (7), for failure to state a cause of action, a court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference, and determine only whether the factual allegations fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83. 87 [1994]; Matter of Kassab v Kasab, 137 AD3d 1 135, 1 137 [2d Dept 2016]).
Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (see Matter of Josey y Goord, 9 NY3d 386, 389 [2007]; Matter of Hunter, 4 NY3d 260, 269 [2005]; O'Brien v Syracuse, 54 NY2d 353, 357 [1981]; Gramatan Home Inys. Corp. v Lopez, 46 NY2d 481, 485[1979]; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946 [2016]). "[U]nder New York's transactional analysis approach to res [*3]judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Matter of Hunter, 4 NY3d at 269 [internal quotation marks omitted]; see O'Brien v City of Syracuse, 54 NY2d at 357; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1 134, 1 134-1 135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 201 1] ).
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from litigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Li v Peng, AD3d , 2018 NY Slip Op 03337, 2018 NY App Div Lexis 3292 [2d Dept 2018]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).
The doctrine applies if the issue in the second action was raised, necessarily decided, and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349).
Ordinarily, the service of an amended petition supercedes the original (see Matter of Maddock E. [Luis F.], 138 AD3d 559 [1st Dept 2016]). Here, the amended petition seeks to reinstate the first cause of action for judicial dissolution of Mall, as well as certain claims in the second and third causes of action for breach of contract and an accounting. As this Court in its Order of June 1 1, 2018, granted Avraham Kasab's preanswer motion and dismissed the original petition seeking judicial dissolution of Mall, the petition could no longer be amended, and the amended pleading cannot supercede the original petition. Therefore, as the amended petition is a nullity, that branch of the motion to dismiss the petition to the extent that it seeks judicial dissolution of Mall, is granted. Thus, the amended petition is dismissed.
To the extent that the remainder of the original pleading constitutes a complaint, Nissim shall be referred to as the plaintiff herein, and Avraham as the defendant. The amended compliant was timely e-filed after the service of the answer to the original pleading, and therefore the complaint was amended as of right (see CPLR 3025 [a]).
With the exception of certain new paragraphs, mostly pertaining to the appointment of the receiver in the Corner dissolution proceeding, the operation of the parking lot for a brief period, allegedly in violation of a court order, and the sale of the Corner properties, on June 14, 2018, the majority of the allegations pertaining to the second and third causes of action are identical to those set forth in the original pleading.
The second cause of action alleges that Avraham breached Mall's Operating Agreement and the 2012 Agreement and Operating Agreement by excluding Nissim from the management of Mall and Corner, by under reporting the income of said companies and manipulating their finances, and by failing to make any financial distribution to Nissim. It is alleged that these breaches have been continuous and ongoing. Nissim also alleges that Avraham has materially breached the covenants of good faith and fair dealing implied in the August 2012 agreement and Mall's Operating Agreement by preventing him from participating in the business and management of Corner and Mall, preventing him from providing any management services to theses entities and by under-reporting of income of both entities.
These claims were previously raised in the original pleading and there has been no change of circumstances which would warrant the reinstatement of these claims in the same form in the amended pleading. In the Corner proceeding, this Court did not find that Avraham breached the distribution agreement by failing to make payments for the years 2013, 2014 and 2015. The Court determined that the parking lot/flea market business was jointly operated by Corner and Mall, and considered the evidence pertaining to both Corner and Mall's reported net rental real estate income for the fiscal years 2013, 2014 and 2015. Therefore, Nissim's current claim against Avraham for breach of contract based upon the failure to distribute income, prior to December 3 1, 2015, is barred by the doctrine of res judicata.
Nissim's claim against Avraham for breach of contract is based upon his ouster from the [*4]management of Corner and Mall and the under-reporting of Corner and Mall's income, is based upon the same transactions and occurrences alleged in Nissim's prior claim for breach of fiduciary duty asserted in the Corner dissolution proceeding/action.
Nissim's ouster was due to his own misconduct, and this Court awarded no damages for the claim of breach of fiduciary duty, due to Nissim's malfeasance. As this portion of the present claim for breach of contract could have been raised in the prior Corner dissolution proceeding/action, under New York's transactional analysis approach to res judicata, this claim is barred (see O'Brien v City of Syracuse, 54 NY2d at 357; Matter of Hunter, 4 NY3d at 269; Webb v Greater NY Auto. Dealers Assn., Inc., 144 AD3d 1134, 1134, 1135 [2016]; Grossman v New York Life Ins. Co., 90 AD3d 900, 991 [2d Dept 201 1] ).
The parties in the prior Corner dissolution proceeding/action did not litigate the issue of income distributions for 2016, and no evidence was submitted by the parties with respect Mall and Corner's income or losses for said fiscal year. In addition, as the trial ended prior to the end of 2017, the issue of income distribution for fiscal year 2017 could not have been litigated at that time. Therefore, as Nissim did not have a full and fair opportunity to litigate the issue of distributions for 2016 and 2017, his claim for breach of contract, based upon a failure to make distributions for fiscal years 2016 and 2017, is not barred by the doctrine of res judicata.
This Court in its final Order in the Corner dissolution and action, dated January 5, 2018, dissolved Corner, appointed a receiver to sell Corner's real property, and ordered the receiver to wind up the business and affairs of Corner. The receiver was granted the authority, among other things, to supervise the distribution of all remaining cash to the respective owners of Corner in proportion to their respective ownership interest, 25% to Nissim and 75% to Abraham. As Abraham was directed to turn over all proceeds from the parking lot for January, February and April 2018 to the court appointed receiver, any claims regarding the distribution of said sums are to be determined by the receiver in the Corner dissolution proceeding.
Nissim's third cause of action for an accounting is predicated upon this Court's findings of fact in the Corner dissolution proceeding/action and alleges that Avraham failed to accurately account for the actual income of Corner and Mall, and that he misappropriated funds that should be distributed to Nissim. It is alleged that Abraham's actions are ongoing and continuous. Nissim, in the prior Corner dissolution proceeding/action was in in receipt of Corner and Mall's handwritten receipts, ledgers, bank records, and tax returns for 2013, 2014 and 2015, and the evidence presented therein established that the parking lot and flea market were run jointly by both entities as an all cash business; that Avraham made cash deposits in the entities' accounts; and that in March 2017, Avraham under-reported the number of cars that were being parked in the parking lot. Nissim, as 25% shareholder of Corner and a 25% member of Mall, therefore may maintain the second cause of action for an accounting for the period of January 1, 2016 through December 31, 2017.
To the extent that Nissim seeks to recover punitive damages based upon the facts alleged in the amended complaint, said relief is not available as Avraham's alleged conduct does not involve "a " a fraud evincing a high degree of moral turpitude" or demonstrate "such wanton dishonesty as to imply a criminal indifference to civil obligations", nor was such conduct "aimed at the public generally" (Rocanova Equitable Life Assur. Socy. of US., 83 NY2d 603, 613 [1994][internal quotation marks omitted]; see also New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]. Nissim's demands for punitive damages, therefore, must be dismissed. Defendant Avraham Kasab is given leave to serve an answer to the remaining causes of action, as stated above.
Accordingly, in based upon the foregoing, it is
ORDERED that since the original petition seeking judicial dissolution of Mall, was dismissed by this Court, in its Order, dated June 1 1, 2018, the petition can no longer be amended, and the amended pleading cannot supercede the original petition, that branch of the motion which seeks to dismiss the first cause of action for the judicial dissolution of Mall is granted and the amended petition is dismissed; and it is further
ORDERED that since the remainder of the original pleading constitutes a complaint and the amended complaint was timely filed, that branch of the motion which seeks to dismiss the second cause of action of action is granted in part and denied in part, as set forth below; and it is further
ORDERED that the branch of the motion which seeks to dismiss the second cause of action of action is granted to the extent that the following claims are dismissed:
(1) based upon the failure to distribute income, prior to December 31, 2015;
(2) Nissim Kassab's ouster from Mall and Corner; and (3) the under-reporting of income; and it is further
ORDERED that branch of the motion to dismiss the second cause of action as it pertains to the claim for breach of contract, based upon the failure to make distributions for fiscal years 2016 and 2017, is denied; Nissim Kassab may maintain the second cause of action for an accounting for the period of January 1, 2016 through December 31, 2017; and it is further
ORDERED that the branch of the motion seeking to dismiss the third cause of action for an accounting is granted, for the period of March 2013 through December 31, 2015; and it is further
ORDERED that the branch of the motion which seeks to dismiss the third cause of action for an accounting is denied, as to the period of January 1, 2016 through December 31, 2017; and it is further
ORDERED that the claims for punitive damages that are incorporated into the second and third causes of action are dismissed; and it is further
ORDERED that defendant Avraham Kasab is given leave to serve an answer to the remaining causes of action, as stated above, within thirty (30) days from the date of service of a copy of this Order, together with Notice of Entry.
Dated: April 1 2019
HON. TIMOTHY J. DUFFICY
Justice