24-3100
*Midvale Indemnity Co. v. Zuniga*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-six.

PRESENT:    Steven J. Menashi,
            Beth Robinson,
            Myrna Pérez,
                    *Circuit Judges.*

_____

MIDVALE INDEMNITY CO.,

       *Plaintiff-Counter-Defendant-Appellant*,

   v.                                          No. 24-3100

VICTOR SIGUENZA ZUNIGA,

       *Defendant-Appellee,*

D&G CONSTRUCTION NY INC.,

       *Defendant-Counter-Claimant-Appellee,*

AREVALOS CONTRUCTION CORP., 625 HALSEY LLC, and RM CONSTRUCTION AND DEVELOPMENT CORP.,

       *Defendants*.*

_____

_____

* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Counter-Defendant-Appellant*:  ROBERT J. COSGROVE, Wade Clark Mulcahy LLP, New York, NY.

*For Defendant-Appellee*:  Brian J. Isaac, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY.

*For Defendant-Counter-Claimant-Appellee*:  RYAN P. MAXWELL, Hurwitz Fine PC, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Merle, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Midvale Indemnity Company brought this suit to seek declaratory relief regarding its obligations to its insured, Arevalos Construction Corporation, and other parties involved in a matter then-pending in state court arising out of Victor Zuniga's injury on a construction site located at 625 Halsey Street in Brooklyn, New York. The question before the district court and on appeal is whether Midvale's disclaimer of coverage based on the Multi-Unit and Tract Housing Residential Exclusion in Arevalos's policy (the "Multi-Unit Exclusion") was timely. On summary judgment, the district court held that the denial was untimely as a matter of law, so Midvale could not rely on the exclusion to reject a duty to defend in state court. We agree with the district court and affirm the judgment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

Victor Zuniga worked on the construction site of a new residential building in Bedford-Stuyvesant, Brooklyn. He was employed by RM Construction and Development Corporation, a subcontractor on the project. D&G Construction NY

Inc. was the general contractor, and Arevalos was another subcontractor. Zuniga was injured while working at the site, and in December 2018 he sued the site owner. In the operative amended complaint, Zuniga also included claims against D&G. RM and Arevalos were added as third-party defendants in the state court action. On October 4, 2021, D&G tendered the defense and indemnity of Zuniga's suit to Arevalos and its insurer Midvale. On November 23, Midvale wrote to Arevalos and D&G to reserve its rights under the policy, which included the Multi-Unit Exclusion. On January 5, 2022—forty-three days after the reservation of rights and ninety-three days after the tender—Midvale wrote to Arevalos to disclaim coverage pursuant to the Multi-Unit Exclusion. The next day, Midvale filed this action for a declaratory judgment that it does not have a duty to defend or to indemnify Arevalos, D&G, or RM.

Midvale served its complaint in the summer of 2022. Zuniga and D&G filed answers, but RM and Arevalos defaulted. The district court granted Midvale's motion for a default judgment against RM and Arevalos, holding that Midvale did not have a duty to defend those defendants based on the Multi-Unit Exclusion. *See Midvale Indem. Co. v. Arevalos Constr. Corp.*, No. 22-CV-97, 2023 WL 4346962, at *3 (E.D.N.Y. July 5, 2023). The district court recognized that Zuniga and D&G could still challenge as untimely Midvale's assertion of the Multi-Unit Exclusion even if the district court awarded a default judgment against the other parties. *See id.* at *2.

Following the default judgment, Midvale, D&G, and Zuniga cross-moved for summary judgment over the meaning and applicability of the Multi-Unit Exclusion to the state court action. The district court recognized that the plain terms of the policy may not require Midvale to "defend any party in the Zuniga Action based on the Multi-Unit Exclusion." *Midvale Indem. Co. v. Arevalos Constr. Corp.*, 755 F. Supp. 3d 250, 258 (E.D.N.Y. 2024). However, under New York Insurance Law § 3420(d)(2), if an insurer does not disclaim coverage based on a policy exclusion "as soon as is reasonably possible, the insurance carrier may not 'rely on the policy exclusion to escape liability.'" *Id.* (quoting *Worcester Ins. Co. v.*

3

*Bettenhauser*, 95 N.Y.2d 185, 188-90 (2000)). As a result, an insurer must assert an exclusion "after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage." *Id.* at 260 (quoting *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 369 F.3d 102, 107 (2d Cir. 2004)).

The district court concluded that Midvale's disclaimer of coverage in January 2022 was untimely as a matter of law. *See id.* at 261. It held that Midvale was on notice of the potential applicability of the Multi-Unit Exclusion when it received the tender in October 2021 because it knew the location of the construction site and could have determined that the site involved a multi-unit building. *See id.* at 262. Midvale's explanation that it spent two months conducting an investigation of the site—without disclosing the investigator's report or details of what the investigation entailed—did not justify the three-month delay in asserting the Multi-Unit Exclusion. *See id.* The district court further held in the alternative that even if the duration of the investigation were justified, Midvale did not justify the further delay from its receipt of the investigator's report on December 9, 2021, to its assertion of the exclusion on January 5, 2022. *See id.* at 262-63.[1]

Although the district court decided that Midvale had a duty to defend D&G, it declined to grant summary judgment regarding Midvale's potentially narrower duty to indemnify any of the defendants. *See Midvale*, 755 F. Supp. 3d at 264. Because the holding that Midvale had a duty to defend D&G conflicted with the holding of the default judgment that "Midvale has no duty to defend or indemnify any party," *Midvale*, 2023 WL 4346962, at *3, the district court vacated its prior order "to the extent the Default Judgment conflicts with" the summary judgment order, *Midvale*, 755 F. Supp. 3d at 265.

---

[1] Midvale's policy insured Arevalos. It covered D&G because Midvale stipulated that "[a]t all relevant times and for purposes of this litigation only, Defendant D&G was an additional insured under the Midvale Policy pursuant to an Additional Insured … endorsement." J. App'x 1261.

4

## II

"In every appeal … 'the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested.'" *Marquez v. Silver*, 96 F.4th 579, 582 (2d Cir. 2024) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Our appellate jurisdiction is generally limited to 'final decisions of the district courts.'" *In re Terrorist Attacks on Sept. 11, 2001*, 152 F.4th 396, 401 (2d Cir. 2025) (quoting 28 U.S.C. § 1291). In this case, the district court granted only partial summary judgment. It decided that Midvale had a duty to defend but it reserved judgment on whether it also had a duty to indemnify. *See Midvale*, 755 F. Supp. 3d at 264. And we lack jurisdiction to consider an award of partial summary judgment absent a certification pursuant to Federal Rule of Civil Procedure 54(b). *See, e.g.*, *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 377-78 (2d Cir. 2023).

We raised the jurisdictional problem with the parties and requested supplemental briefing on how to proceed with this appeal. *See* Order, *Midvale Ins. Co. v. Zuniga*, No. 24-3100 (2d. Cir. Dec. 11, 2025), ECF No. 59.1. The parties stipulated to the dismissal of any pending claims regarding the duty to indemnify. *See* Letter, *Midvale Ins. Co. v. Zuniga*, No. 24-3100 (2d Cir. Dec. 29, 2025), ECF No. 60.1. That dismissal means that the summary judgment order of the district court is a final decision we may review pursuant to § 1291. *See Banoka S.à.r.l. v. Elliott Mgmt. Corp.*, 148 F.4th 54, 64 (2d Cir. 2025) (explaining that when "the parties filed a joint letter confirming that [the plaintiff] had agreed to dismiss with prejudice" its pending claims, the "dismissal with prejudice … leaves nothing more for the district court to decide" and allows for appellate review).

## III

"We review a district court's grant of summary judgment *de novo* where the parties filed cross-motions for summary judgment and the district court granted one motion but denied the other." *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 719

(2d Cir. 2025) (quoting *Zhang Jingrong v. Chinese Anti-Cult World Alliance Inc.*, 16 F.4th 47, 56 (2d Cir. 2021)). "We evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Byrne v. Rutledge*, 623 F.3d 46, 53 (2d Cir. 2010)). "Summary judgment is proper, and we will affirm, where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

New York law provides that if "an insurer shall disclaim liability or deny coverage for … bodily injury arising out of … [an] accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." N.Y. Ins. L. § 3420(d)(2). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage." *New York Cent. Mut. Fire Ins. Co. v. Aguirre*, 7 N.Y.3d 772, 774 (2006) (internal quotation marks omitted). The insurer has the burden of justifying any delay between the time it learns of the grounds for the disclaimer and the time that it denies coverage; an unjustified delay may be untimely as a matter of law. *See First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 70 (2003) (holding that an unexplained 48-day delay was untimely as a matter of law).

An insurer might justify a delay based on "the time necessary for an insurer to conduct a prompt investigation into those grounds supporting a potential disclaimer." *Continental Cas. Co. v. Stradford*, 11 N.Y.3d 443, 449 (2008). But "even if some investigation was warranted … the burden [remains] on [the insurer] to demonstrate that the … delay in disclaiming was reasonably related to its performance of a prompt, diligent, thorough, and necessary investigation." *Country-Wide Ins. Co. v. Ramirez*, 104 A.D.3d 850, 851 (2d Dep't 2013); *accord Liberty Mut. Ins. Co. v. Rhone*, 189 A.D.3d 1241, 1242 (2d Dep't 2020). Because an insurer must promptly provide notice of each disclaimer, the delay must be justified as to

each disclaimer; an investigation into one basis for denying coverage cannot justify a delay in asserting an alternative basis. *See George Campbell Painting v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 92 A.D.3d 104, 106 (1st Dep't 2012); *see also City of New York v. N. Ins. Co. of N.Y.*, 284 A.D.2d 291, 292 (2d Dep't 2001).

The tender of the state case to Midvale on October 4, 2021, triggered Midvale's duty to promptly assert the Multi-Unit Exclusion. Even if Midvale did not have all the information necessary to know whether the Multi-Unit Exclusion applied on that date, it had enough information to begin its investigation. A reasonable investigation may justify a delayed disclaimer, *see First Fin. Ins. Co.*, 1 N.Y.3d at 69 ("While Insurance Law § 3420(d) speaks only of giving notice 'as soon as is reasonably possible,' investigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer."), but only if the insurer shows that the resulting investigation was "prompt, diligent, thorough, and necessary," *Country-Wide Ins. Co.*, 104 A.D.3d at 851.

Midvale did not justify the three-month delay between the tender on October 4, 2021, and the disclaimer on January 5, 2022. *Cf. First Fin. Ins. Co.*, 1 N.Y.3d at 70 (rejecting a 48-day delay). "[E]ven if some investigation was warranted in this matter, [Midvale] failed to demonstrate that the more than [three]-month delay in disclaiming was reasonably related to its performance" of that investigation. *Liberty Mut.*, 189 A.D.3d at 1242. The district court noted that anyone could learn "through public records or online map searches" that the construction site involved a multi-unit building. *Midvale*, 755 F. Supp. 3d at 262. The approved permit application for 10 dwelling units could be obtained through records available on the New York City Automated City Register Information System. *See* J. App'x 1187-91. That is a public resource of which courts regularly take judicial notice. *See, e.g., Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628 (S.D.N.Y. 2022). It might have been reasonable for Midvale to conduct some investigation, but Midvale needed to show that the investigation it

7

actually conducted was reasonable despite the publicly available information showing that the Multi-Unit Exclusion applied.

Midvale told the district court that it conducted an investigation, but it neither described the activities of the investigator nor introduced the investigator's report into the summary judgment record. When an insurer has "made a conclusory statement that the delay was occasioned by its investigation, and provided no details with regard to the specific efforts undertaken in conducting that investigation, it [has] failed to sustain its burden of demonstrating that the delay was excusable, and the disclaimer was untimely as a matter of law." *Country-Wide*, 104 A.D.3d at 851.[2]

Although "an investigation *could* justify a delay, here [Midvale] failed to demonstrate that it in fact *did* engage in [a necessary] investigation." *Stout v. 1 E. 66th St. Corp.*, 90 A.D.3d 898, 902 (2d Dep't 2011) (citation omitted). Because Midvale "failed to describe" the investigation, the district court "correctly held that [Midvale] failed to justify its delay." *Id.*

Given our conclusion that the district court properly awarded summary judgment based on the delay from October 4, we need not address whether the delay from the receipt of the investigator's report was separately justified. *See Midvale*, 755 F. Supp. 3d at 262-63.

---

[2] *See also Golden Ins. Co. v. Ingrid H., Inc.*, 538 F. Supp. 3d 293, 307 (S.D.N.Y. 2021) ("Even if it needed the documents from the Buildings Department and did not have them, and even if it needed the information that was relayed in the depositions, to confirm that Exclusion #30 applied, it has submitted no declaration or affidavit or any evidence why it could not have gotten that information earlier. That is fatal."), *aff'd*, No. 21-1337, 2022 WL 2165252 (2d Cir. June 14, 2022).

\*     \*     \*

We have considered Midvale's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court