■ DEBRA A. WILLIAMS, Respondent, v CITY OF NEW YORK, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.— In an action for a judgment declaring the plaintiff's right to seek uninsured motorist benefits from either the defendant Allstate Insurance Company or from the defendant City of New York, the defendant Allstate Insurance Company appeals from an order of the Supreme Court, Kings County (Rader, J.), entered May 5, 1987, which denied its motion for summary judgment in its favor.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, summary judgment is granted to the plaintiff against Allstate Insurance Company, and it is declared that the plaintiff may seek uninsured motorist benefits from it; as so modified, the order is affirmed, with one bill of costs to the plaintiff payable by the Allstate Insurance Company.

In this case, the plaintiff Debra A. Williams, a New York City police officer, was allegedly injured when the stopped patrol car in which she was a passenger was struck in the rear by an uninsured motor vehicle. She initially sought arbitration to recover damages from Allstate Insurance Company (hereinafter Allstate), the insurer of her personal automobile, but arbitration was stayed by the Supreme Court, Kings County, on the ground that Allstate's obligation was secondary to that of her employer, the defendant city. The plaintiff subsequently sought arbitration against the city, but arbitration was stayed by the Supreme Court, New York County, on the ground that the city had no obligation to provide uninsured motorist coverage to her. The plaintiff then brought this action seeking a declaratory judgment as to which defendant she had a right to proceed against.

In *Matter of State Farm Mut. Auto. Ins. Co. v Amato* (72 NY2d 288), the Court of Appeals specifically held that Insurance Law § 3420 (f)—providing that all motor vehicle insurance policies must contain uninsured motorist coverage—did not apply to police vehicles since a police vehicle is specifically excluded from the definition of a motor vehicle as it appears in Vehicle and Traffic Law § 388 (2). The court further held that the City of New York, as an unregulated self-insurer, was not required to provide uninsured motorist coverage to two of its police officers who were injured when their police vehicles were struck by uninsured motor vehicles.

Accordingly, since the city has no obligation to provide the plaintiff herein, a city police officer, with uninsured motorist benefits, the Supreme Court, Kings County, properly denied Allstate's motion for summary judgment in its favor, and should have searched the record and granted summary judgment to the plaintiff against Allstate. Brown, J. P., Lawrence, Spatt and Balletta, JJ., concur.