Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa. (2023 NY Slip Op 02518)

Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa.

2023 NY Slip Op 02518

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-09275
 (Index No. 521349/17)

[*1]In the Matter of Kent Waterfront Associates, LLC, et al., appellants, et al., petitioner, 
v
National Union Fire Insurance Company of Pittsburgh, Pa., etc., respondent.

Silverman Shin & Byrne PLLC, New York, NY (Donald F. Schneider and Andrew V. Achiron of counsel), for appellants.
Thomas Kadian LLC, New York, NY (Samuel J. Thomas of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc., appeal from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 30, 2020. The judgment denied the petition to permanently stay arbitration insofar as it involves the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc.
ORDERED that the judgment is reversed, on the law, with costs, and the petition to permanently stay arbitration insofar as it involves the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc., is granted.
The petitioner Kent Waterfront Builders, LLC (hereinafter Kent Builders), entered into a payment agreement with the respondent, National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union), pursuant to which National Union agreed to provide insurance coverage. The payment agreement contained a provision for arbitration whereby "[a]ny other unresolved dispute arising out of this Agreement must be submitted to arbitration." When a dispute over the payment of premiums arose, National Union served a demand for arbitration on Kent Builders, and also on the petitioners Kent Waterfront Associates, LLC, BFC Partners, L.P., and L & M Development Partners, Inc. (hereinafter collectively the appellants), among others. The petitioners commenced this proceeding pursuant to CPLR article 75 to permanently stay the arbitration insofar as it involves the appellants on the basis that the appellants were not parties to or bound by the payment agreement. In the judgment appealed from, the Supreme Court denied the petition to permanently stay arbitration.
"Arbitration is a matter of contract, grounded in agreement of the parties" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation and internal quotation marks omitted]; see Revis v Schwartz, 192 AD3d 127, 142). "Inasmuch as an arbitration clause is a contractual right, the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement" (Revis v Schwartz, 192 AD3d at 142 [internal quotation marks omitted]; see [*2]Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630). However, "[a] nonsignatory may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency" (Matter of Jefferies & Co., Inc. v Infinity Equities I, LLC, 66 AD3d 540, 541).
"[A]s a general matter, on a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration'" (Revis v Schwartz, 192 AD3d at 134, quoting Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 999). "The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696 [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696 [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680).
Here, it is undisputed that Kent Builders entered into the payment agreement with National Union, and that the agreement included a provision requiring the arbitration of disputes. The agreement bound Kent Builders and also "each of its subsidiary, affiliated or associated organizations that are included as Named Insureds under any of the Policies." While National Union acknowledges that the appellants were not identified as named insureds, it relies upon a separate provision of the payment agreement indicating that the agreement was binding on Kent Builders as well as "all Your subsidiaries or affiliates except those listed below: (None)."
"As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (L & D Serv. Sta., Inc. v Utica First Ins. Co, 103 AD3d 782, 783 [internal quotation marks omitted]). An insurance contract should be read as a whole, and "should not be read so that some provisions are rendered meaningless" (Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671 [internal quotation marks omitted]; see County of Columbia v Continental Ins. Co., 83 NY2d 618, 628). Contrary to National Union's contention, the payment agreement contained plain and unambiguous language providing that Kent Builders' affiliates were bound only if they were named insureds, and that language must be given effect (see County of Columbia v Continental Ins. Co., 83 NY2d at 628; Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d at 671; Matter of Progressive Northeastern Ins. Co. v Scalamandre, 51 AD3d 932, 933; Matter of Progressive Ins. Cos. [Nemitz], 39 AD3d 1121). Since the appellants were not named insureds, they were not bound by the payment agreement.
Accordingly, the Supreme Court should have granted the petition to permanently stay the arbitration insofar as it involves the appellants.
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court