Matter of New York Mun. Ins. Reciprocal v Linares (2023 NY Slip Op 06049)

Matter of New York Mun. Ins. Reciprocal v Linares

2023 NY Slip Op 06049

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-05165
 (Index No. 678/21)

[*1]In the Matter of New York Municipal Insurance Reciprocal, respondent, 
v
Ashley Linares, appellant.

Finkelstein & Partners, LLP, Newburgh, NY (George A. Kohl II of counsel), for appellant.
O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Heather Haralambides of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, Ashley Linares appeals from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated July 1, 2021. The order granted the petition.
ORDERED that the order is affirmed, with costs.
In July 2016, Ashley Linares was a passenger in a vehicle driven by nonparty Joseph Ryan when another vehicle struck the vehicle being driven by Ryan. At the time of the accident, Ryan was Chief of Police for the Town of Plattekill and was driving an unmarked police vehicle that the Town provided him. Linares made a demand for supplementary uninsured/underinsured motorist (hereinafter SUM) coverage from the petitioner, who issued a policy of insurance to the Town of Plattekill for the vehicle, and served a notice of intention to arbitrate. Thereafter, the petitioner commenced this proceeding to permanently stay arbitration. Linares opposed the petition, arguing that, at the time of the accident, Ryan was using the vehicle in question for personal reasons and, thus, it was not a "police vehicle" as defined by the Vehicle and Traffic Law. By order dated July 1, 2021, the Supreme Court granted the petition, holding that the vehicle was a police vehicle and not a motor vehicle for purposes of the SUM endorsement of the policy. Linares appeals.
"[A] police vehicle is not a 'motor vehicle' covered by a SUM endorsement under Insurance Law § 3420[f][2][A]" (Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 801; see Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d 288, 295; Johnson-Neuland v New York Mun. Ins. Reciprocal, 186 AD3d 1042, 1043). Contrary to Linares's contention, the Supreme Court properly determined that the vehicle in question, which was owned by the Town of Plattekill and operated by the Chief of Police for the Town of Plattekill at the time of the accident, was a police vehicle and not a motor vehicle for purposes of SUM coverage (see Vehicle and Traffic Law § 132-a; Guevara v Ortega, 136 AD3d 508, 510). Accordingly, the court properly granted the petition to permanently stay arbitration.
BRATHWAITE NELSON, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court