Matter of Esurance Ins. Co. v Burdeynyy (2025 NY Slip Op 00445)

Matter of Esurance Ins. Co. v Burdeynyy

2025 NY Slip Op 00445

Decided on January 29, 2025

Appellate Division, Second Department

Dowling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-00617
 (Index No. 507491/22)

[*1]In the Matter of Esurance Insurance Company, petitioner-respondent, 
v
Volodymyr Burdeynyy, appellant; City of New York, et al., proposed additional respondents.

APPEAL by Volodymyr Burdeynyy, in a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, from an order of the Supreme Court (Francois A. Rivera, J.), dated December 5, 2022, and entered in Kings County. The order granted that branch of the petition which was to permanently stay arbitration.

Decolator Cohen & DiPrisco, LLP, Garden City, NY (Dominic DiPrisco and Carolyn M. Canzoneri of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for petitioner-respondent.

DOWLING, J.

OPINION & ORDER
In Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), the Court of Appeals held that "a police vehicle is not a 'motor vehicle' covered by a [supplementary uninsured/underinsured (hereinafter SUM) motorist] endorsement under Insurance Law § 3420(f)(2)(A)" (id. at 801). This appeal requires us to address, for the first time, whether Fitzgerald and Insurance Law § 3420(f)(2)(A) preclude the principal named insured under an automobile insurance liability policy that includes a SUM endorsement from receiving SUM coverage where he or she is injured in an automobile accident with an uninsured motor vehicle while occupying a police vehicle. We conclude that the named insured is not precluded from receiving SUM coverage under those circumstances, and reverse the order appealed from.
I. Factual and Procedural History
In August 2019, Volodymyr Burdeynyy allegedly was injured when the police vehicle he was driving was struck by a motor vehicle operated by the proposed additional respondent Widmarc M. Chery. At the time of the accident, Burdeynyy had his own automobile insurance policy issued by the petitioner, Esurance Insurance Company (hereinafter Esurance), covering Burdeynyy as the "named insured." Burdeynyy's policy with Esurance included a SUM endorsement insuring against injuries sustained in an accident with an uninsured motor vehicle.
In December 2019, Burdeynyy commenced an action to recover damages for injuries he sustained in the accident against Chery and the City of New York. In March 2021, Burdeynyy was advised by nonparty State Farm Mutual Automobile Insurance Company (hereinafter State Farm), the alleged insurer of the vehicle Chery was driving, that no policy existed for that vehicle at the time of the accident and it would not provide coverage. Thereafter, Burdeynyy made a demand upon Esurance for SUM arbitration pursuant to the SUM endorsement of his own policy. Esurance [*2]then commenced the instant proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of Burdeynyy's claim on the ground that SUM benefits were not available to him because Burdeynyy was driving a police vehicle at the time of the accident, or in the alternative, to temporarily stay arbitration pending pre-arbitration discovery.
In an order dated December 5, 2022, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Citing to the Court of Appeals' decision in Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), the Supreme Court concluded that "the police vehicle operated by [Burdeynyy] at the time of [the] accident is not covered by UM/SUM Benefits." Burdeynyy appeals.
II. Analysis
On this appeal, Burdeynyy contends that the Supreme Court misapplied Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799) in determining that his claim for SUM benefits was precluded. Burdeynyy argues that Fitzgerald holds only that a SUM endorsement issued pursuant to Insurance Law § 3420(f)(2) does not provide coverage where the subject "motor vehicle" upon which the entitlement to SUM benefits is based is a police vehicle, and does not preclude SUM coverage where, as here, the claimant seeks benefits pursuant to a personal policy in his capacity as the "named insured." Esurance contends that the court properly applied Fitzgerald in concluding that Burdeynyy was not entitled to SUM coverage. Esurance argues that both Fitzgerald and the Court of Appeal's earlier decision in Matter of State Farm Mut. Auto. Ins. Co. v Amato (72 NY2d 288), upon which Fitzgerald relies, exempts police vehicles from the requirements of Insurance Law § 3420.
A. Relevant Statutory Framework and the SUM Endorsement
"Insurance Law § 3420 specifies the standard forms of coverage that must be included in a liability insurance policy" (Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d at 804). Pursuant to Insurance Law § 3420(e), every New York automobile insurance policy "covering liability arising from the ownership, maintenance or operation of any motor vehicle" must "contain [ ] a provision insuring the named insured against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract, as a result of negligence in the operation or use of such vehicle."
Insurance Law § 3420(f)(1) mandates that every automobile insurance liability policy required to be issued pursuant to Insurance Law § 3420(e) provide uninsured motorist (hereinafter UM) coverage (see Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d 196, 200). Specifically, Insurance Law § 3420(f)(1) states that no automobile insurance policy issued in New York "insuring against loss resulting from liability imposed by law for bodily injury or death . . . arising out of the ownership, maintenance and use of a motor vehicle . . . by the insured shall be issued or delivered by any authorized insurer upon any motor vehicle . . . unless it contains a provision whereby the insurer agrees that it will pay to the insured . . . all sums, not exceeding [certain maximum amounts], which the insured . . . shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle." "Such compulsory UM coverage is triggered, inter alia, where an insured is entitled to recover damages from an insured motor vehicle but the insurer disclaims liability or denies coverage" (Matter of Eagle Ins. Co. v Hamilton, 16 AD3d 498, 501 [internal quotation marks omitted]).
Insurance Law § 3420(f)(2) describes the requirements for SUM insurance, which is "additional, optional personal injury coverage that can be purchased by a policyholder" of a policy required by Insurance Law § 3420(e) (Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d at 200). "When a policyholder purchases [SUM] coverage in New York, he or she is insuring against the risk that a tortfeasor's underinsurance (or complete lack of insurance) will provide less protection for the policyholder than the policyholder provides to others when at fault in causing bodily injury" (Matter of Unitrin Auto & Home Ins. Co. v Gelbstein, 109 AD3d 663, 663; see Matter of Allstate Ins. Co. v Rivera, 12 NY3d 602, 608). Pursuant to Insurance Law § 3420(f)(2)(A), insurance policies required to be issued on motor vehicles must also include "at the option of the insured, . . . [SUM] insurance for bodily injury." The statute further provides that "[SUM] insurance shall provide coverage . . . if the limits of liability under all . . . insurance policies of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy" (id.).
Insurance Department Regulation 35-D (see 11 NYCRR 60-2.3; hereinafter Regulation 35-D) specifies the language that is required in a SUM endorsement. Consistent with [*3]that regulation, the SUM endorsement of Burdeynyy's policy with Esurance defines the term "insured" as: "(1) you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse; (2) any other person while occupying: (i) a motor vehicle insured for SUM under this policy; or (ii) any other motor vehicle while being operated by you or your spouse; and (3) any person, with respect to damages such person is entitled to recover, because of bodily injury to which this coverage applies sustained by an insured under paragraph (1) or (2) above" (see id. § 60-2.3[f]). The SUM endorsement also provides that Esurance "will pay all sums that the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use" (see id.).
B. Court of Appeals Precedent Determining the Application of Insurance Law § 3420(f)(1) and (2) to Collisions Involving Police Vehicles
In Matter of State Farm Mut. Auto. Ins. Co. v Amato (72 NY2d 288), the Court of Appeals considered whether Insurance Law § 3420(f)(1) required the City of New York, as a self-insurer, to provide UM coverage for its police vehicles. In determining that the City was not required to provide UM coverage for its police vehicles, the Court held that "Insurance Law § 3420(f)providing that all 'motor vehicle' insurance policies must contain uninsured motorist coverage has no application to police vehicles" (Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d at 295). In Amato, two police officers, one operating a police vehicle and one operating a police scooter, were struck by uninsured motor vehicles and sought benefits pursuant to the UM endorsements contained in personal automobile insurance policies they each held with State Farm. State Farm denied the claims on the ground that it was the City's obligation to provide UM coverage on its own police vehicles and commenced proceedings to stay arbitration of the police officers' claims. The case turned on the definition of the term "motor vehicle" as used in Insurance Law § 3420(f)(1). The Court held that, because the term "motor vehicle" as defined by Vehicle and Traffic Law § 388 specifically excludes "police vehicles," the requirement of Insurance Law § 3420(e) that liability insurance be issued on every "motor vehicle" does not apply to police vehicles (Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d at 294 [internal quotation marks omitted]). The Court further held that the same definition of motor vehicle should control the term "motor vehicle" as used in Insurance Law § 3420(f)(1), which would also exclude police vehicles. The Court explained, "it would be illogical to assume that, while there is no legal obligation to insure police vehicles for death or bodily injury in the first instance, the City is nevertheless required to provide uninsured motorist coverage for its police vehicles" (Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d at 294; see Williams v City of New York, 144 AD2d 553).
Nearly 30 years later, in Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), the Court of Appeals considered whether a "police vehicle" constituted a "motor vehicle" pursuant to Insurance Law § 3420(f)(2) for purposes of a SUM endorsement contained in a police officer's personal automobile insurance policy, and concluded that it did not. In Fitzgerald, the passenger of a police vehicle sought SUM benefits under a personal automobile insurance policy that had been issued to the driver of the police vehicle. The relevant provision of the driver's personal automobile policy defined "insured," consistent with Regulation 35-D, as "any other person while occupying [the driver's personal vehicle or] any other motor vehicle while being operated by [the driver/named insured]." State Farm denied the claim on the ground that SUM coverage was not available to the passenger under the driver's policy because the passenger was occupying a police vehicle at the time of the accident, which is not included in the definition of "motor vehicle." The Court agreed, stating that "Fitzgerald's status as a passenger [in] a police vehicle at the time of the accident dooms his claim under Amato and Insurance Law § 3420(f)(2)(A)" (Matter of State Farm. Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d at 820-821). The Court explained that, "[i]n light of the similarities between the two paragraphs of Insurance Law § 3420(f), the term 'motor vehicle' must have the same definition under those paragraphs and limit the benefits they provide in the same manner. Given that police vehicles do not fall within the ambit of Insurance Law § 3420(f)(1) and (2), State Farm rightly declined to cover Fitzgerald, who was a passenger in a police vehicle at the time of the crash" (id. at 810). In other words, although Insurance Law § 3420(f)(2)(A) does not use the term "motor vehicle," because it applies to "[a]ny such policy" of the kind described in Insurance Law § 3420(f)(1), it "necessarily restricts SUM coverage to 'motor vehicle[s]' in the same manner [*4]as subsection(f)(1)" (Matter of State Farm Mut. Ins. Auto. Ins. Co. v Fitzgerald, 25 NY3d at 805, quoting Insurance Law § 3420[f][1]; see also Matter of New York Mun. Ins. Reciprocal v Linares, 221 AD3d 907; Johnson-Neuland v New York Mun. Ins. Reciprocal, 186 AD3d 1042; Matter of U.S. Specialty Ins. Co. [Denardo], 151 AD3d 1520).
C. Discussion
We begin our analysis with well-established rules of contract construction. "'As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 216 AD3d 785, 787, quoting L & D Serv. Sta., Inc. v Utica First Ins. Co., 103 AD3d 782, 783). "An insurance contract should be read as a whole, and 'should not be read so that some provisions are rendered meaningless'" (Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 216 AD3d at 787, quoting Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671; accord County of Columbia v Continental Ins. Co., 83 NY2d 618, 628). "Although provisions of an insurance policy drafted by [an] insurer are generally construed against the insurer if ambiguous, a policy provision mandated by statute must be interpreted in a neutral manner consistently with the intent of the legislative and administrative sources of the legislation" (Matter of State Farm Mut. Auto Ins. Co. v Fitzgerald, 25 NY3d at 804 [citation omitted]).
Interpreting the SUM endorsement's definition of "insured" in a neutral manner and consistent with the plain and ordinary meaning of the words therein (see id.; Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 216 AD3d at 787), we find that Burdeynyy is not precluded from receiving coverage under the SUM endorsement of his own personal policy with Esurance on the ground that he was occupying a police vehicle at the time of the accident. The SUM endorsement of Burdeynyy's policy with Esurance plainly and unambiguously provides that Esurance will provide SUM coverage to him "as the named insured" for damages for injuries "caused by an accident" with an "uninsured motor vehicle[ ]." This language of the SUM endorsement, which must be given its full effect (see Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 216 AD3d at 787), does not condition the named insured's entitlement to SUM benefits on the named insured having occupied either the insured vehicle or any other "motor vehicle" at the time of the accident, or otherwise provide an exclusion from benefits where the named insured occupies a police vehicle. Surely, as SUM coverage is generally available to the principal named insured under a SUM endorsement of a personal automobile insurance policy where, for example, the named insured is struck by an uninsured motor vehicle while crossing the street as a pedestrian or even riding a bicycle (see e.g. Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947; Matter of Unitrin Auto & Home Ins. Co. v Gelbstein, 109 AD3d 663), in the absence of policy language to the contrary, it would be unreasonable to find that a named insured would not be covered under the same SUM endorsement because they were occupying a police vehicle at the time of the subject accident.
Notwithstanding the language of the SUM endorsement, Esurance contends that Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), upon which the Supreme Court also relied, requires us to find that Burdeynyy is not entitled to SUM coverage under his policy. Esurance's contention misconstrues the Court of Appeals' holding in Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), as well as Matter of State Farm Mut. Auto. Ins. Co. v Amato (72 NY2d 288). Those cases turned upon the definition of the term "motor vehicle" as used in Insurance Law § 3420(f)(1) and the SUM endorsement required by Insurance Law § 3420(f)(2). The instant proceeding differs from Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799) and Matter of State Farm Mut. Auto. Ins. Co. v Amato (72 NY2d 288) in a significant respect: the SUM endorsement of Burdeynyy's policy extends SUM benefits to him for damage caused by an uninsured motor vehicle in Burdeynyy's capacity as the principal "named insured," and neither Insurance Law § 3240(f)(2)(A) nor the definition of "named insured" at issue in this proceeding require that the "named insured" occupy a "motor vehicle" at the time of the accident (compare definition of "insured" as "you, as the named insured" with definition of "insured" as "any other person while occupying . . . a motor vehicle insured for SUM under this policy; or . . . any other motor vehicle while being operated by you or your spouse"). Notably, both the Fitzgerald Court and Amato Court recognized that UM/SUM coverage would be available to the occupants of the police vehicles in those cases in their capacity as the named insured under their own automobile insurance policies (see Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d at 811 n 3; Matter of [*5]State Farm Mut. Auto Ins. Co. v Amato, 72 NY2d at 291, 293 n 1). Thus, stated simply, the exclusion of police vehicles from the definition of "motor vehicle" under Insurance Law § 3240(f)(1) and (2) is not determinative of this particular proceeding (see e.g. Matter of Progressive Specialty Ins. Co. v Lubeck, 111 AD3d 947; Matter of Unitrin Auto & Home Ins. Co. v Gelbstein, 109 AD3d 663; cf. Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799; Matter of State Farm Mut. Auto. Ins. Co. v Amato, 72 NY2d 288). Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration on the ground that Burdeynyy was not covered by the SUM endorsement because he was operating a police vehicle at the time of the accident.
III. Additional Contentions
To the extent the parties raise arguments regarding that branch of the petition which was to temporarily stay arbitration pending pre-arbitration discovery, such arguments are not properly before this Court. That branch of the petition was not addressed by the Supreme Court and, thus, remains pending and undecided (see Matter of State Farm Mut. Auto. Ins. Co. v Jones, 128 AD3d 1074, 1076-1077; Matter of Utica Mut. Ins. Co. v Burrous, 121 AD3d 910, 911-912). Burdeynyy's alternate ground for denial of the petition is without merit.
Accordingly, the order is reversed, on the law, and that branch of the petition which was to permanently stay arbitration is denied.
DUFFY, J.P., MILLER and TAYLOR, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court