Breede v Grant (2025 NY Slip Op 51583(U))

[*1]

Breede v Grant

2025 NY Slip Op 51583(U)

Decided on October 6, 2025

Supreme Court, Westchester County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 6, 2025
Supreme Court, Westchester County

Patricia Breede, individually, and on behalf of 
 WYKAGYL ASSOCIATES HJ LLC, Plaintiffs,

against
Jean Minskoff Grant, Defendant.

Index No. 61443/2024

Walter Rivera, J.

The following papers were read on the motion by defendant for an order pursuant to CPLR 3211 (a) (1), (7) and (10) dismissing plaintiffs' complaint dated April 30, 2024, and for such other and further relief as this Court deems just and proper.
PAPERS             
NYSCEF Doc. No.
Notice of Motion/Affirmation in Support/Exhibits/Defendant's Affirmation/Exhibit/Memorandum of Law in Support 8-18
Memorandum of Law in Opposition/ Exhibit/Affirmation in Opposition/Notice of Rejection/Letter to Court 22-26
Letters to Court 27, 29
Order entered July 25, 2025/Memorandum of Law in Reply 30, 31
Upon the foregoing papers, this motion is determined as follows:
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs seek to recover damages for allegations related to the alleged breach of a real estate management agreement, which was entered into on or about April 1, 2000, between plaintiff Wykagyl Associates JJ, LLC ("Wykagyl") and nonparty Minskoff Grant Realty & Management Corp. ("MGR"). Pursuant to the real estate management agreement (the "Agreement"), MGR agreed to provide real estate management services related to certain commercial property owned by Wykagyl located in New Rochelle (NYSCEF Doc. No. 17). Plaintiffs allege that defendant Jean Minskoff Grant, acting as an agent of MGR, engaged in a pattern of conduct misusing and mismanaging Wykagyl's funds, property and accounts, and obfuscating plaintiff's ability to uncover and investigate such conduct (NYSCEF Doc. Nos. 2, [*2]10). It is alleged that on December 31, 2022, Wykagyl ownership terminated MGR as its real estate manager (NYSEF Doc. Nos. 2, 10, ¶ 41).
Plaintiff Patricia Breede is a member of Wykagyl. Defendant Jean Minskoff Grant maintains an ownership interest in Wykagyl and is a principal owner of MGR (NYSCEF Doc. No. 16, ¶ 2).[FN1]

The subject Agreement contains an arbitration clause stating, in relevant part, at Article VI:
6.1 Arbitration
(a) For disputes and claims between the parties that are not resolved within ten (10) days after any party gives notice to the other party of its desire to arbitrate the dispute or claim, the dispute shall be settled by binding arbitration in accordance with the then-prevailing rules of the American Arbitration Association . . . (c) The arbiter shall resolve any dispute submitted to the arbiter within forty-five (45) days of appointment. The decisions of the arbiter shall be final and binding and may not be appealed to the courts of any jurisdiction except upon claim of fraud or corruption . . . Judgment upon the arbitration award may be entered in any court having jurisdiction.
On or about April 19, 2024, in accordance with the arbitration clause, plaintiff Patricia Breede, on behalf of Wykagyl, served a demand for arbitration upon MGR.[FN2]
The demand for arbitration asserts claims for breach of contract, unjust enrichment, breach of fiduciary duty, conspiracy, and seeks an accounting (NYSEF Doc. No. 11).
On April 30, 2024, plaintiffs commenced the instant action against defendant in her individual capacity, asserting nearly identical allegations arising out of the Agreement. Additionally, plaintiffs assert a sixth cause of action in the complaint, seeking a permanent injunction, enjoining defendant from operating as a managing member of Wykagyl and appointing Patricia Breede or Royanne Minskoff in defendant's position (NYSEF Doc. Nos. 2, 10, ¶ 121). Plaintiffs allege that on or about December 15, 2005, plaintiffs and defendant agreed to an amendment to the Agreement (NYSEF Doc. Nos. 2, 10 ¶ 12). However, the amendment to the Agreement was not submitted by either side on the present motion.

ANALYSIS
CPLR 3211 (a) (1)
Defendant now moves to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7) and (10). As an initial matter, any objection or defense founded upon documentary evidence pursuant to CPLR 3211 (a) (1) must be raised in a pre-answer motion to dismiss or in the responsive pleading. Defendant filed an answer, then filed the present motion to dismiss (NYSEF Doc. Nos. 5, 8). By filing an answer, which did not raise a defense founded upon documentary evidence, defendant waived this defense (CPLR 3211 [e]).
Accordingly, the branch of the motion seeking dismissal pursuant to CPLR 3211 (a) (1) is denied. As CPLR 3211 (a) (10), pertaining to nonjoinder of necessary parties, relates to each cause of action asserted in the complaint, this branch of the motion will be addressed next.
CPLR 3211 (a) (10)
CPLR 3211 (a) (10) provides that a party may move to dismiss one or more causes of action asserted on the ground that the court should not proceed in the absence of a person who should be a party. Defendant relies on CPLR 1001 (a), pertaining to necessary joinder of parties. Defendant argues that MGR is a necessary party to this action and notes that plaintiffs are proceeding against MGR in arbitration, alleging the same facts and allegations asserted in this matter. Defendant posits that the instant action cannot be fully litigated, and relief granted, without MGR as a defendant (NYCEF Doc. No. 18, p. 19).
In opposition, plaintiffs' counsel asserts that it is appropriate to pierce the corporate veil to hold defendant personally liable for the obligations of the corporation. Plaintiffs contend that defendant fails to demonstrate MGR is a necessary party to the action, arguing they are precluded from joining MGR as a party and the Court is unable to exercise jurisdiction over MGR. Plaintiffs argue MGR is engaged in a parallel arbitration proceeding, pursuant to the terms of the Agreement, which mandates that disputes involving MGR be resolved in arbitration (NYSCEF Doc. No. 22, pp. 14-15). Plaintiffs argue that defendant is not a party to the agreement in her individual capacity and she cannot be compelled to arbitrate (NYSCEF Doc. No. 22, pp. 7, 19). Plaintiffs contend that even if the Court concludes that MGR is a necessary party, the Court should allow the action to proceed against the individual defendant (id. at 18).
"The absence of a necessary party may be raised at any stage of the proceedings, by any party or by the court on its own motion" (Wedgewood Care Ctr. v Kravitz, 198 AD3d 124 [2d Dept 2021]). "Necessary parties are those who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (Ji Juan Lin v Bo Jin Zhu, 191 AD3d 652 [2d Dept 2021]; CPLR 1001 [a]).
CPLR 1001 (a) "limit[s] the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of the nonparties" (Mason Tenders Dist. Council Welfare Fund v Diamond Constr. & Maintenance, Inc., 84 AD3d 754 [2d Dept 2011]).
"In an application based upon the failure to join a necessary party, the burden is upon the movant to demonstrate one or the other of the circumstances delineated in CPLR 1001 (a)" (Matter of McCrory v Village of Mamaroneck, 34 Misc 3d 603 [Sup Ct, Westchester County 2011]). Defendant submits the Agreement entered into between Wykagyl and MGR, which contains the arbitration clause (NYSEF Doc. No. 17). Prior to commencing this action, Patricia Breede on behalf of Wykagyl served a demand for arbitration upon MGR (NYSEF Doc. No. 11). In both this action and the parallel arbitration, plaintiffs seek relief related to the parties' rights and obligations under the Agreement. The two proceedings are so closely intertwined that the complaint in this matter asserts the same allegations as those alleged in the demand for arbitration. Determining liability and damages in this case would require evaluating plaintiffs' and MGR's rights and performance under the Agreement. If the action were to proceed it would likely result in prejudice to MGR, as there would be a determination on these issues without allowing MGR an opportunity to be heard (see Taurus Petroleum Ltd. v Global Emerging Mkts. [*3]North Am., Inc., 2018 NY Slip Op 31264 [U] [Sup Ct, New York County 2018]). As defendant's submissions demonstrate complete relief cannot be accorded to the existing parties to this action without considering the interests of MGR, and MGR may be inequitably affected by a judgment in this action, the Court finds MGR is a necessary party to the action.
CPLR 1001 (b) provides that when a person who should be joined under subsection (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order the person summoned. If jurisdiction over the person can only be obtained by consent or appearance, the court may, when justice requires, allow the action to proceed without the person. As MGR is an indispensable party to the action and jurisdiction over MGR cannot be obtained without consent or appearance, the Court will consider whether to allow the action to proceed against the individual defendant. In determining whether to allow the action to proceed without joinder of MGR, the court must consider five factors: (1) whether the plaintiff has another effective remedy if the action is dismissed on account of nonjoinder; (2) the prejudice which may accrue for the nonjoinder to the defendant or the person not joined; (3) whether prejudice might have been avoided or may in the future be avoided; (4) the feasibility of a protective provision by order of the court; and (5) whether an effective judgment may be rendered in the absence of the person who is not joined (CPLR 1001 [b]). Although a court must consider all five factors, in determining whether an action may proceed without a necessary party who is not subject to mandatory jurisdiction, the analysis is discretionary, and no single factor is outcome determinative. The statute is intended to "(1) guarantee that absent parties at risk of prejudice will not be embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard and (2) [to] protect against multiple lawsuits and inconsistent judgments" (Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543 [2012]). Pursuant to CPLR 1003, nonjoinder of a party who should be joined under CPLR 1001 is a ground for dismissal of the action without prejudice unless the court allows the action to proceed without that party under CPLR 1001 (b).
In balancing the five factors delineated in CPLR 1001 (b), the Court finds that the factors weigh strongly in favor of dismissal of the action in the absence of MGR. In considering the prejudice for the nonjoinder to defendant and MGR, litigating against the principal in this action would unfairly require defendant and MGR to defend against plaintiffs' claims in two forums. An effective judgment cannot be rendered in this matter absent MGR's joinder as a party. Furthermore, as this action and the arbitration are premised on the same factual allegations and claims, permitting the action to proceed could result in inconsistent judgments.
In considering whether plaintiffs have another effective remedy if the action is dismissed, plaintiffs have an alternative forum in which to assert their claims against MGR. Plaintiffs served a demand for arbitration against MGR related the parties' rights and obligations under the Agreement. The allegations in the complaint relate to defendant's conduct as a principal of MGR and arise from the same Agreement.
Plaintiffs nonetheless argue that defendant is not a party to the agreement and cannot be compelled to arbitrate. Generally, arbitration is a matter of contract grounded in agreement of the parties and only a party to the arbitration agreement is bound by or may enforce the agreement (Revis v Schwartz, 192 AD3d 127 [2d Dept 2020]). As previously noted, the complaint references an amendment to the Agreement, which was not submitted by either party on this motion. Thus, it is unclear whether the amendment relates to the terms of the arbitration clause or includes the representatives' agreement to be bound to arbitrate in their individual capacity. [*4]As such, there is a question of fact as to whether defendant assented to arbitrate in her individual capacity.
Even assuming defendant is a nonsignatory to the agreement, "a nonsignatory may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency" (Matter of Kent Waterfront Assoc., LLC v National Union Fire Ins. Co. of Pittsburgh, Pa., 216 AD3d 785 [2d Dept 2023]). The courts apply the doctrine of equitable estoppel "to estop a signatory from avoiding arbitration with a nonsignatory where . . . the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed" (Lobel v Ccap Auto Lease, Ltd., 74 Misc 3d 1230[A], 2002 NY Slip Op 50256 [U], *12-13 [Sup Ct, Westchester County 2022] [internal citations omitted]). Although defendant has not filed a motion to compel arbitration pursuant to CPLR 7503 (a), the same principle applies here. Plaintiffs served a demand for arbitration against MGR alleging certain claims. Defendant is a principal of MGR. Plaintiffs are effectively seeking to avoid arbitration against defendant, instead choosing to litigate the same claims against defendant in her individual capacity. Plaintiffs cannot have it both ways, seeking to hold defendant liable pursuant to the duties imposed by the Agreement containing the arbitration clause, while denying that the arbitration clause is applicable because the defendant is a nonsignatory. Advancing such inconsistent positions is not supported by New York Law (id. at *13).
Whether future prejudice to plaintiffs may be avoided hinges on the issue of arbitrability of the claims against defendant in her individual capacity. "[W]hether a dispute is arbitrable is generally an issue for the court to decide unless the parties clearly and unmistakably provide otherwise" (Lobel v Ccap Auto Lease, Ltd., 74 Misc 3d 1230 [A], 2002 NY Slip Op 50256[U] [Sup Ct, Westchester County 2022]). Here, the subject Agreement states "[f]or disputes and claims between the parties that are not resolved within ten (10) days after any party gives notice to the other party of its desire to arbitrate the dispute or claim, the dispute shall be settled by binding arbitration in accordance with the then-prevailing rules of the American Arbitration Association" (NYSEF Doc. No. 17, p. 21). Where the parties incorporate AAA rules into their arbitration agreement, this constitutes clear and unmistakable evidence that the parties agreed to arbitrate threshold questions of arbitrability (Revis v Schwartz, 192 AD3d 127 [2d Dept 2020]; Lobel v Ccap Auto Lease, Ltd., 74 Misc 3d 1230 [A], 2002 NY Slip Op 50256 [U] [Sup Ct, Westchester County 2022]).[FN3]
The arbitration clause in the Agreement makes clear that plaintiffs agreed to delegate the threshold question of arbitrability to the arbiter, including the arbitrability of the subject causes of action against defendant in her individual capacity. As the Agreement delegates arbitrability questions to the arbiter, this Court has no power to decide the arbitrability of the allegations against defendant in her individual capacity (id. at 141). Any prejudice to plaintiffs resulting from dismissal of the action for nonjoinder of a necessary party could have been avoided by initially pursuing arbitration against both MGR and defendant. Furthermore, [*5]under the circumstances, the Court cannot envision a protective order which would protect the interests of MGR if this action were to proceed. As defendant demonstrates this action should not proceed in the absence of MGR, causes of action one through five are dismissed, without prejudice, for failure to join MGR as a necessary party (CPLR 1001 [b]; 3211 [a] [10]).[FN4]

CPLR 3211 (a) (7)
Plaintiffs' sixth cause of action seeks injunctive relief against defendant, enjoining defendant from operating as a managing member of Wykagyl. As this relief is sought against defendant in her individual capacity and the relief is not asserted in the demand for arbitration against MGR, nonjoinder of MGR does not appear to be an appropriate ground for dismissal of this cause of action (NYSEF Doc. No. 11). However, dismissal of the sixth cause of action is warranted under CPLR 3211 (a) (7), as plaintiffs fail to state a cause of action.
In considering a motion to dismiss for failure to state a cause of action, the pleading must be liberally construed. The Court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. However, bare legal conclusions are not presumed to be true and are not accorded every favorable inference (Grant v DiFeo, 165 AD3d 897 [2d Dept 2018]). The standard is whether the pleading states a cause of action (Houtenbos v Fordune Assn., Inc., 200 AD3d 662 [2d Dept 2021]). When the court considers evidentiary material submitted by defendant in support of the motion, the criterion becomes whether the proponent of the pleading has a cause of action, not whether he has stated one (Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]).
Plaintiffs seek a permanent injunction, alleging they will be irreparably harmed if defendant continues to operate as a member of Wykagyl. Plaintiffs allege that injunctive relief is warranted in light of the hardships that would be placed upon plaintiffs in the absence of such relief. It is alleged that Article VI of the Wykagyl Operating Agreement prohibits a variety of acts that defendant has performed, and pursuant to that Article defendant should be replaced in her role as managerial member of Wykagyl (NYSEF Doc. No. 10, pp. 3, 25).
In support of the motion to dismiss, defendant argues that plaintiffs' claim for a permanent injunction is not a cognizable cause of action, but a remedy that must be attached to a substantive claim (NYSCEF Doc. No. 18, pp. 19-20). Plaintiffs do not dispute that this relief is dependent on having another valid cause of action (NYSCEF Doc. No. 22, p. 26).
A permanent injunction is not an independent cause of action, but a remedy attached to a substantive claim (Talking Capital LLC v Omanoff, 169 AD3d 423 [1st Dept 2019]). "As a general rule, the courts of this State have no inherent power to grant interlocutory injunctions and may not do so in the absence of an authorizing statute" (Uniformed Firefighters Ass'n v New York, 79 NY2d 236 [1992]). Injunctive relief under CPLR 6301, a statutory vehicle to preserve the status quo during the pendency of litigation, is unavailable where there is no judicial action pending (id. at 239). As dismissal of causes of action one through five is warranted, plaintiffs' claims will not be adjudicated in this action and there is no basis for relief under CPLR 6301.
Furthermore, CPLR 7502, pertaining to arbitrable controversies, provides that the court in the county in which arbitration is pending "may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." As plaintiffs fail to allege that the award to which they may be entitled in arbitrating the dispute may be rendered ineffectual without the injunctive relief sought, plaintiffs' sixth cause of action fails to state a cognizable cause of action.
Accordingly, causes of action one through five are dismissed, without prejudice, for failure to join MGR, a necessary party (CPLR 1001 [b]; 3211 [a] [10]). The sixth cause of action is dismissed, as plaintiffs fail to state a cause of action (CPLR 3211 [a] [7]).
In view of the foregoing, it is hereby:
ORDERED that the branch of defendant's motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (1) is DENIED; and it is further
ORDERED that the branch of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (10) is GRANTED to the extent that causes of action one through five are dismissed, without prejudice; and it is further
ORDERED that the branch of the motion seeking dismissal pursuant to CPLR 3211 (a) (7) is GRANTED to the extent that the sixth cause of action is dismissed; and it is further
ORDERED that within ten (10) days, defendant shall serve a copy of this Decision and Order with notice of entry upon all parties and file proof of service on NYSCEF.
The foregoing constitutes the Decision and Order of the Court.
Dated: October 6, 2025
White Plains, New York
ENTER:
HON. WALTER RIVERA, J.S.C.

Footnotes

Footnote 1:Defendant Grant signed the Agreement as a member of Wykagyl and on behalf of MGR.

Footnote 2:Neither party provided information on this motion regarding the status of arbitration against MGR. 

Footnote 3:The AAA Commercial Arbitration Rules provide, at R-7 (a), that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court."

Footnote 4:Pursuant to CPLR 1003, such a dismissal is without prejudice, as previously noted. Nonetheless, it would be futile for plaintiffs to file another action joining MGR for the same relief given the binding arbitration clause in the agreement.